UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRADLEY WEBBER** <br> 66 Timberhaven Drive <br> Lewisburg, PA 17837 <br><br> Plaintiff, <br><br> v. <br><br> **CANON HOSPITALITY LLC** <br> 268 E. Main Street <br> Newark, DE 19711 <br><br> Defendant. | JURY DEMANDED <br><br> No. |

# CIVIL ACTION COMPLAINT

## I. Parties and Reasons for Jurisdiction.

1. Plaintiff, Bradley Webber, (hereinafter "Plaintiff" or "Mr. Webber") is an adult individual residing at the above address.

2. Defendant, Canon Hospitality LLC (hereinafter "Defendant" or "Canon Hospitality") is a corporation organized and existing under the laws of Delaware, with a corporate office at the above address. Mr. Webber was hired by Defendant as a maintenance worker and was employed at Defendant's property, the Holiday Inn Express Lewisburg/New Columbia, Pennsylvania, located at 160 Commerce Park Drive, New Columbia, Pennsylvania 17856.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of his employment with and for Defendant.

4. Mr. Webber exhausted his administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Mr. Webber was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8.  On or about October 27, 2021, Canon Hospitality hired Mr. Webber as a full-time maintenance worker at the Holiday Inn Express located at 160 Commerce Park Drive, New Columbia, PA 17856.

9.  On or about November 2, 2021, Mr. Webber found a purse containing women's underwear in his immediate supervisor, Mr. John Koch's office.

10. Further, throughout the course of November, Mr. Webber heard from other employees that Mr. Koch was sexually harassing the female employees of the hotel, specifically Alexis Snyder, the front desk attendant.

11. On or about November 24, 2021, Mr. Webber reported Mr. Koch's behavior and the fact that he had found a purse containing women's underwear in Mr. Koch's office to John Barsoum, Defendant's Regional General Manager, who promised to investigate the situation.

12. It is assumed that Mr. Barsoum spoke with Mr. Koch regarding the complaints by Mr. Webber because on December 1, 2021, Mr. Koch approached Mr. Webber in a hostile and aggressive manner and became extremely threatening while screaming at him.

13. Mr. Webber was fearful for his safety and decided to leave the situation and contacted Mr. Barsoum that he was leaving for the day due to hostile behavior of Mr. Koch.

14. Defendant's working environment was so adverse to Mr. Webber that a reasonable employee in his position would have compelled to resign.

15. Defendant's actions and inactions resulted in a pattern of activity that was so severe and/or pervasive that any reasonable person in Mr. Webber's position would have found the work environment to be abusive and/or hostile and would have felt compelled to resign.

16. Defendant either intended to force Mr. Webber's resignation or had actual knowledge of the intolerable working conditions.

17. Later that day, Mr. Webber received a call from Mr. Barsoum, that he had abandoned his job and Mr. Webber explained that he left because he couldn't work with Mr. Koch.

18. Based on the foregoing timeline of events and the temporal proximity between Mr. Webber's complaints about the sexual harassment by Mr. Koch and the ratcheting up of Mr. Koch's hostile behavior to Mr. Webber after he reported the sexual harassment, it is clear that Mr. Koch retaliated against Mr. Webber in violation of Title VII of the Civil Rights Act of 1964.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### RETALIATION FOR REPORTING SEXUAL HARASSMENT

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. At set forth above, Plaintiff made complaints regarding his direct supervisor, John Koch concerning the sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

21. Defendant took adverse action against Plaintiff by forcing him to terminate his employment.

22. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant's decision to force him to terminate his employment.

23. As such, Defendant's decision to force Plaintiff to terminate his employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

24. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work

loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

25. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

26. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et *seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT II
## CONSTRUCTIVE DISCHARGE

27. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

28. Defendant constructively discharged Plaintiff from his employment when it failed to prevent, and therefore condoned, severe and pervasive and outrageous sexual harassment and a related hostile work environment.

29. Defendant also constructively discharged Plaintiff from employment when it retaliated against Plaintiff in response to Plaintiff's reporting the sexual harassment by Mr. Koch and by the ratcheting up of Mr. Koch's hostile behavior to Mr. Webber after he reported the sexual harassment.

30. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of

back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

31. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

32. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

33. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by retaliating against Plaintiff for his making complaints of sexual harassment and discrimination in the workplace.

34. Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

35.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

36.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*. Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Bradley Webber, demands judgment in his favor and against Defendant, Canon Hospitality, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery, Esquire*
**MARY LEMIEUX-FILLERY, ESQUIRE**
(PA I.D. 312785)

Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Bradley Webber*

Date: 4/24/2023

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

4/24/2023

(Date Signed)

Electronically Signed          2023-04-21 22:12:38 UTC - 75.97.216.187
```
Bradley Webber
```
NintexAssureSign®          a28a54b9-fafb-4abf-b70e-afeb014251fc

Bradley Webber